Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL (VI)

| RUFINO RODRÍGUEZ ROBLES Y OTROS<br><br>Recurridos<br><br>v.<br><br>MIGUEL RÍOS, EXPERT TECHNICAL SERVICE GROUP, INC.<br><br>Peticionarios | TA2025CE00459 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso núm.: FA2020CV00556<br><br>Sobre: Cobro de dinero y daños y perjuicios |

Panel Especial integrado por su presidenta, la jueza Ortiz Flores, la jueza Romero García y el juez Rivera Torres

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 3 de octubre de 2025.

Comparece ante este tribunal apelativo, el Sr. Miguel A. Ríos Santiago (señor Ríos Santiago) y Expert Technical Service Group, Inc. (ETSG) (en conjunto, la parte peticionaria), mediante el recurso de *Certiorari* de epígrafe y nos solicita que revoquemos las *Órdenes* emitidas y notificadas por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI), el 14 de agosto de 2025. En virtud de los aludidos dictámenes, el TPI denegó expedir una orden de embargo en contra del Lcdo. Iván F. González Carmona (Lcdo. González Carmona), representante legal del Sr. Rufino Rodríguez Robles, la Sra. Ada Rentas Rubio Rodríguez y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en conjunto, la parte recurrida).

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari* y revocamos los dictámenes emitidos por el foro primario.

**I.**

El 8 de septiembre de 2020, el Sr. Rufino Rodríguez Robles, la Sra. Ada Rentas Rubio Rodríguez y la Sociedad Legal de Bienes Gananciales compuesta por ambos presentaron una *Demanda* sobre incumplimiento de contrato, cobro de dinero y daños y perjuicios en contra de la parte peticionaria.[1] En síntesis, alegaron que contrataron a la parte peticionaria para que realizara ciertos trabajos de construcción que consistían en la ampliación de una residencia ubicada en el municipio de Fajardo. No obstante, sostuvieron que la parte peticionaria abandonó los trabajos de construcción sin haber concluido los mismos. Además, señalaron que el trabajo que sí fue realizado se hizo de forma incompleta, con vicios de construcción y de poca calidad. Por lo cual, solicitaron distintas partidas derivadas del incumplimiento contractual.

El 22 de diciembre de 2020, la parte recurrida presentó una *Moción Solicitando Anotación de Rebeldía.*[2] Allí, adujo que había transcurrido el término para que la parte peticionaria presentara su alegación responsiva. Por lo que solicitó la anotación en rebeldía del señor Ríos Santiago, así como la de ETSG. Atendido el escrito, el 22 de enero de 2021, el TPI notificó una *Orden* en la cual declaró Ha Lugar a la moción presentada por la parte recurrida.[3]

Tras varios incidentes procesales, el 14 de diciembre de 2021, el TPI emitió y notificó una *Sentencia.*[4] Mediante el referido dictamen, declaró con lugar la demanda presentada por la parte recurrida. En consecuencia, le impuso a la parte peticionaria una indemnización a favor de la parte recurrida por $100,000 en concepto de daños, $29,500 por el incumplimiento contractual, costas, gastos, y $5,000 en honorarios de abogado.

---

[1] Véase, el Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada núm. 1.
[2] SUMAC TPI, Entrada núm. 8.
[3] SUMAC TPI, Entrada núm. 9.
[4] SUMAC TPI, Entrada núm. 30.

Así las cosas, el 16 de marzo de 2022, la parte peticionaria presentó una *Moción en Solicitud de Relevo de Sentencia.*[5] En particular, esbozó que no fue debidamente emplazada en el pleito de epígrafe, por ende, el foro primario nunca adquirió jurisdicción sobre su persona. A tales efectos, solicitó que se declarara nula y que se dejara sin efecto la *Sentencia* dictada el 14 de diciembre de 2021. Examinado el escrito, el 6 de abril de 2022, el TPI emitió una *Orden* en la cual declaró *No Ha Lugar* a la moción de relevo de sentencia.[6]

En desacuerdo, el 11 de abril de 2022, la parte peticionaria presentó una moción solicitando reconsideración.[7] Atendida la moción, el 25 de abril de 2022, el foro primario emitió una *Orden* en la que la declaró *No Ha Lugar.*[8]

Inconforme, la parte peticionaria presentó un recurso ante este Tribunal de Apelaciones bajo el alfanumérico KLAN202200317, el cual fue acogido como un *certiorari.*[9] Sin embargo, el 17 de mayo de 2022, este foro apelativo denegó expedir el recurso.[10]

Aún insatisfecho, la parte peticionaria recurrió mediante *certiorari* ante el Tribunal Supremo, bajo el número de caso CC-2022-0434.[11] Allí, el Tribunal Supremo expidió el auto y revocó el dictamen recurrido del foro apelativo. En consecuencia, devolvió el caso al foro primario para la celebración de una vista evidenciaria.

Recibido el mandato, el 8 de agosto de 2024, el TPI celebró la vista.[12] Después de varios trámites procesales, innecesarios pormenorizar, el 18 de octubre de 2024, el TPI notificó una *Segunda Sentencia Enmendada Nunc Pro Tunc.*[13] Mediante el aludido

---

[5] SUMAC TPI, Entrada núm. 40.
[6] SUMAC TPI, Entrada núm. 43.
[7] SUMAC TPI, Entrada núm. 46.
[8] SUMAC TPI, Entrada núm. 51.
[9] SUMAC TPI, Entrada núm. 56.
[10] SUMAC TPI, Entrada núm. 77.
[11] SUMAC TPI, Entrada núm. 88.
[12] SUMAC TPI, Entrada núm. 121.
[13] SUMAC TPI, Entrada núm. 176; Nótese que, el 4 de octubre de 2024, el TPI emitió *Segunda Sentencia Enmendada* la cual notificó el 7 posterior. SUMAC TPI, Entrada núm. 172.

dictamen, el foro primario dejó sin efecto la *Sentencia* dictada el 14 de diciembre de 2021, y todas las resoluciones, y órdenes dictadas con posterioridad a dicha fecha, dada la nulidad de la sentencia, pues nunca adquirió jurisdicción sobre la parte peticionaria. En lo pertinente, ordenó lo siguiente:

> d). se le ordena a los demandantes la devolución a Expert Technical Services Group, Inc. de $101,169.51 del cheque #1062 expedido por este Tribunal el 23 de mayo de 2022 y **al licenciado Iván F. González Carmona la devolución de $33,723.00 del cheque #1063 expedido por este Tribunal el 23 de mayo de 2022** [conforme con las cantidades concedidas de $19,900.00, $100,000.00, $5,000.00 y $392.51 (un total de $125,292.51 más intereses) por los conceptos imputados en la sentencia que hoy se deja sin efecto por ser nula sobre incumplimiento contractual, daños y angustias mentales, los honorarios de abogado concedidos y las costas, respectivamente], cantidades que acumulan intereses hasta su total saldo ....
>
> ...
>
> f). se dispone que la cantidad a ser devuelta por los demandantes y su abogado y que deberá ser consignada de inmediato y no más tarde de los próximos dos (2) días laborables en la Unidad de Cuentas de este Tribunal a favor de Expert Technical Services Group, Inc. de los principales antes indicados y su debida acumulación de intereses hasta el 15 de agosto de 2024 será por la cantidad de $119,899.95 en el caso de los demandantes y **de $39,966.37 en el caso de su abogado**[12] [*sic*], y a eso se le añade los intereses que se van acumulando del 16 de agosto de 2024 en adelante hasta su total saldo. (Énfasis nuestro)

En desacuerdo, en esa misma fecha, la parte recurrida presentó un recurso de *Apelación* ante este foro apelativo (alfanumérico KLAN202400942).[14] A esos efectos, el 9 de abril de 2025, un Panel hermano emitió una *Sentencia* mediante la cual confirmó el dictamen apelado. Insatisfecho, el 21 de abril de 2025, la parte recurrida presentó una *Solicitud de Reconsideración de Sentencia,* empero, fue declarada sin lugar mediante *Resolución* del 23 de abril de 2025.[15]

---

[14] SUMAC TPI, Entrada núm. 203.
[15] SUMAC TPI, Entrada núm. 204.

Todavía inconforme, la parte recurrida recurrió ante el Tribunal Supremo mediante petición de *certiorari,* pero el máximo foro no expidió el auto.[16]

Así las cosas, el 22 de julio de 2025 y el 5 de agosto de 2025, la parte peticionaria presentó peticiones de embargo o, en la alternativa, solicitó una vista de desacato en contra de la parte recurrida, así como del Lcdo. González Carmona.[17] En atención a lo anterior, el 14 de agosto de 2024, el TPI emitió y notificó las dos (2) *Órdenes* recurridas.[18] Mediante estas, se declaró *No Ha Lugar* a las órdenes de embargo en contra del abogado de la parte recurrida.

Inconforme, el 20 de agosto de 2025, la parte peticionaria presentó una *Moción de Reconsideración de Orden.*[19] Allí, alegó que, conforme a la *Segunda Sentencia Enmendada,* la cual era final, firme e inapelable, se ordenó al Lcdo. González Carmona devolver una suma de $39,966.37. Por tanto, solicitó que se reconsiderara la orden en la que se eximía al abogado de la orden de embargo; o en la alternativa, se ordenara una vista de desacato. Examinada la moción, el 29 de agosto de 2025, el TPI emitió y notificó una *Orden* que la declaró No Ha Lugar.[20]

En desacuerdo con lo determinado, la parte peticionaria acude ante este foro apelativo mediante el recurso de epígrafe imputándole al TPI la comisión de los siguientes errores:

> PRIMER ERROR: ERRÓ EL TPI AL NEGARNOS EL SEÑALAMIENTO DE UNA VISTA DE DESACATO PESE AL INCUMPLIMIENTO DE LOS DEMANDANTES Y SU ABOGADO CON UNA ORDEN INCLUIDA EN LA SEGUNDA SENTENCIA ENMENDADA *NUNC PRO TUNC* QUE LOS OBLIGA A DEVOLVER EL DINERO ILEGALMENTE EMBARGADO A RAÍZ DE UNA SENTENCIA QUE LUEGO SE DEJÓ SIN EFECTO POR LA NULIDAD DE LA MISDMA [*sic*] ANTE LA FALTA DE JURISDICCIÓN DEL TPI SOBRE LOS AQUÍ COMPARECIENTES POR INSUFICIENCIA EN EL DILIGENCIAMIENTO DE LOS EMPLAZAMIENTOS.

---

[16] SUMAC TPI, Entrada núm. 230.
[17] SUMAC TPI, Entradas núm. 221 y 233.
[18] SUMAC TPI, Entradas núm. 238 y 239.
[19] SUMAC TPI, Entrada núm. 243.
[20] SUMAC TPI, Entrada núm. 247.

> SEGUNDO ERROR: ERRÓ EL TPI AL DENEGARNOS EMITIR UNA ORDEN DE EMBARGO CONTRA EL ABOGADO DE LOS DEMANDANTES, EL CUAL SE HA NEGADO A DEVOLVER EL DINERO QUE RETIRÓ DIRECTAMENTE DE LA UNIDAD DE CUENTAS DEL TPI MEDIANTE UN CHEQUE A SU NOMBRE LUEGO DE QUE SE CONCRETARA EL EMBARGO ILEGAL DE LOS BIENES DE LOS AQUÍ PETICIONARIOS.[21]

En esta misma fecha, el 17 de septiembre de 2025, la parte peticionaria presentó una *Moción Urgente en Solicitud de Orden al amparo de la Regla 7(B)(5) del Reglamento del Tribunal de Apelaciones*.[22] El 19 de septiembre de 2025, mediante *Resolución*, declaramos *No Ha Lugar* a la moción urgente al amparo de la Regla 7(B)(5); a su vez, le concedimos a la parte recurrida un término de diez (10) días para presentar su posición en cuanto al recurso.

Conforme a lo ordenado, el 29 de septiembre de 2025, la parte recurrida presentó una *Oposición a la Expedición de la Petición de Certiorari*.[23] En lo particular, esbozó que la parte recurrida, sin la intervención de los abogados, le entregó $70,000 a la parte peticionaria para transigir y poner fin al pleito. Ante ello, razonó que, al realizarse dicho acuerdo, el recurso se tornó académico, por lo que solicitó su desestimación.

No obstante, en esta misma fecha, la parte peticionaria presentó una *Moción Informativa* en la que puntualizó que el dinero fue recibido como abono o pago parcial por la cantidad total adeudada y que no constituía relevo alguno.[24] Examinados los escritos presentados por las partes, declaramos *No Ha Lugar* a la solicitud de desestimación presentada por la parte recurrida.

Así las cosas, decretamos perfeccionado el recurso.

Analizados los escritos de las partes y el expediente apelativo; así como estudiado el derecho aplicable, procedemos a resolver.

---

[21] Entrada Núm. 1 en SUMAC TA.
[22] Entrada Núm. 2 en SUMAC TA.
[23] Entrada Núm. 4 en SUMAC TA; a su vez, presentó una *Moción Notificación de Ausencia de la Jurisdicción* (Entrada Núm. 5 en SUMAC TA), de la cual nos damos por enterado.
[24] Entrada Núm. 6 en SUMAC TA.

**II.**

**Auto de *Certiorari***

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *IG Builders at al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *García v. Padró*, 165 DPR 324, 334-335 (2005). Para poder ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 62-63, 215 DPR __ (2025), dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estos criterios sirven de guía para poder determinar, de manera sabia y prudente, si procede o no intervenir en el caso en la etapa del procedimiento en que se encuentra el caso. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008). Es decir, que el examen que emplea el foro apelativo no se da en el vacío ni en ausencia de otros parámetros. *800 Ponce de León v. AIG*, supra, a la pág. 176.

De otra parte, el ejercicio de las facultades del Tribunal de Primera Instancia merece nuestra deferencia, por tanto, solo intervendremos con el ejercicio de dicha discreción en aquellas instancias que se demuestre que el foro recurrido: (1) actuó con prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación de cualquier norma procesal o de derecho sustantivo. *BBPR v. SLG Gómez-López*, 213 DPR 314, 334-335 (2023); *Ramos v. Wal-Mart*, 165 DPR 510, 523 (2006); *Rivera Durán v. Banco Popular de Puerto Rico*, 152 DPR 140, 155 (2000).

**La doctrina de la ley del caso**

En nuestro ordenamiento jurídico es norma reiterada que los derechos y las obligaciones adjudicadas en el ámbito judicial, mediante dictamen firme, constituyen lo que se conoce como la ley del caso. *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 606 (2000). Es decir, por lo general, los planteamientos que han sido adjudicados por el foro de instancia o el Tribunal Supremo <u>no pueden reexaminarse y, así, gozan de finalidad y firmeza</u>. *Íd.* a la pág. 607. Esto significa que las controversias sometidas, litigadas y decididas por un tribunal dentro de una causa deben respetarse como finales. *Íd.* Ello, a su vez, les permite a las partes proceder en el pleito bajo directrices judiciales confiables y certeras. *Íd.* a las págs. 607-608.

Más allá, la aplicación de la ley del caso se extiende a las determinaciones del Tribunal de Apelaciones, lo cual ha sido reconocido por nuestro Tribunal Supremo. En ese sentido, <u>las determinaciones de un tribunal apelativo constituyen la ley del caso</u> en todas aquellas cuestiones consideradas y decididas, y generalmente obligan tanto al Tribunal de Primera Instancia como al que las dictó si el caso vuelve a su consideración. *Félix v. Las Haciendas, S.E.*, 165 DPR 832, 843 (2005).

Ahora bien, como excepción, el más alto foro ha precisado que cuando la ley del caso resulte errónea y pueda causar una gran injusticia, se puede prescindir de ella y aplicar una norma distinta. *Mgmt. Adm. Servs. Corp. v. E.L.A.,* supra. Lo mismo le aplica al Tribunal de Apelaciones, puesto que, <u>en situaciones excepcionales</u>, si el caso regresa a la consideración del tribunal y este entiende que sus determinaciones previas son erróneas y pueden causar una grave injusticia, entonces debe aplicarse una norma de derecho distinta y resolverse de forma justa. *Félix v. Las Haciendas, S.E.,* supra, a la pág. 844.

**Orden de Embargo**

La Regla 56 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 56, atiende los mecanismos y procedimientos que una parte tiene disponible para asegurar la efectividad de una sentencia. *BPPR v. SLG Gómez-López,* 213 DPR 314, 331 (2023). A esos efectos, el tribunal podrá ordenar el embargo, el embargo de fondos en posesión de un tercero, la prohibición de enajenar, entre otros remedios provisionales. Regla 56.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 56.1. No obstante, nuestro máximo foro ha expresado que al momento de conceder alguno de estos remedios, se debe prestar atención a que el remedio que se solicita sea provisional y que su fin sea asegurar la efectividad de la sentencia, además, que se tomará en consideración "los intereses de todas las partes, según lo requiera la justicia y las circunstancias del caso". *Cacho Pérez v. Hatton Gotay y otros,* 195 DPR 1, 13 (2016).

En lo pertinente, el embargo se ha definido como "la interdicción de bienes del demandado por mandamiento judicial para responder de la sentencia". *BPPR v. SLG Gómez-López,* supra, a la pág. 332. Dicho remedio puede emplearse en contra de bienes inmuebles como bienes muebles, aun cuando estén en posesión de un tercero, siempre que pertenezcan al demandado. *Íd.* Así, el

tribunal podrá compeler el cumplimiento de sus órdenes dictadas bajo la Regla 56 de Procedimiento Civil, *supra*, mediante su poder de desacato civil. Regla 56.8 de Procedimiento Civil, 32 LPRA Ap. V, R. 56.8.

**III.**

La parte peticionaria, en su primer señalamiento de error arguyó, en esencia, que el TPI incidió al denegar la calendarización de una vista de desacato. Mientras, en su segundo señalamiento de error, argumentó que erró el foro primario al rechazar la solicitud de imposición de un embargo contra el abogado de la parte recurrida. Ello, según expuesto en su petitorio, tras el incumplimiento de estos con una orden del tribunal incluida en la *Sentencia* del 4 de octubre de 2024, que es final, firme e inapelable.[25] Por ello, nos solicita la revocación de las dos *Órdenes* recurridas emitidas por el foro *a quo* el 14 de agosto de 2025.

Examinado el recurso ante nuestra consideración al palio de la Regla 40 de nuestro Reglamento, *supra*, concluimos que procede su expedición debido a que están presentes algunos de los criterios allí dispuestos. Incluso, la etapa de los procedimientos en la que se encuentra el caso ante el foro primario es la más propicia para intervenir debido a que las decisiones recurridas son contrarias a derecho. Dicho esto, atenderemos en primer lugar el segundo señalamiento de error enunciado por la parte peticionaria.

En el segundo señalamiento de error, la parte peticionaria argumenta que el foro primario erró al denegar emitir una orden de embargo contra el Lcdo. González Carmona, pese a que este no ha devuelto el dinero que retiró directamente de la Unidad de Cuentas del TPI. Asimismo, plantea que el TPI, con su negativa a actuar o

---

[25] Recordamos que, el 18 de octubre de 2024, el TPI emitió y notificó una *Segunda Sentencia Enmendada Nunc Pro Tunc* a los únicos efectos de corregir unos errores de redacción y un párrafo omitido inadvertidamente de la sentencia enmendada originalmente emitida.

proveer un remedio, aun cuando existe una orden de devolución mediante sentencia, otorga al abogado de la parte recurrida un manto protector en detrimento de los derechos de la parte peticionaria. Señala, además, que no existe disposición alguna en las Reglas de Procedimiento Civil, *supra*, que exima el cumplimiento de la orden del inciso (f) de la *Segunda Sentencia Enmendada Nunc Pro Tunc*.

Como expusimos en el derecho precedente, es norma reiterada que los derechos y las obligaciones adjudicadas en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso. *Mgmt. Adm. Servs. Corp. v. E.L.A.*, supra. Esto quiere decir que las controversias decididas por el foro primario no pueden reexaminarse, ya que gozan de finalidad y firmeza. *Íd.* De igual forma, la aplicación de la ley del caso se extiende a las determinaciones de un tribunal apelativo, por lo que, **generalmente obligan al TPI en cuanto a todas aquellas cuestiones consideradas y decididas**. *Félix v. Las Haciendas, S.E.*, supra.

Cónsono con lo anterior, el 9 de abril de 2025, un Panel hermano dictó una *Sentencia,* en el recurso KLAN202500942, en la que confirmó la *Segunda Sentencia Enmendada Nunc Pro Tunc,* la cual se tornó final, firme e inapelable. Como resultado, los asuntos adjudicados y las órdenes emitidas en el referido dictamen se convirtieron en la ley del caso. En vista de ello, la parte peticionaria solicitó órdenes de embargo para asegurar la eficacia del dictamen, en particular, con la orden emitida en el inciso f) del aludido dictamen, que lee como sigue:

> **se dispone que la cantidad a ser devuelta por los demandantes y su abogado y que deberá ser consignada de inmediato y no más tarde de los próximos dos (2) días laborales en la Unidad de Cuentas de este Tribunal a favor de Expert Technical Services Group, Inc.** de los principales antes indicados y su debida acumulación de intereses hasta el 15 de agosto de 2024 será por la cantidad de $119,899.95 en el caso de los demandantes y de $39,966.37 en el caso de su abogado[12] [*sic*], y a eso se

le añade los intereses que se van acumulando del 16 de agosto de 2024 en adelante hasta su total saldo.

(Énfasis nuestro).

No obstante, el foro primario se ha negado expedir una orden de embargo en contra de la representación legal de la parte recurrida, a pesar de existir un dictamen, confirmado por este tribunal apelativo, en el que se ordenó la devolución del dinero tanto por la parte recurrida como por su abogado. Por lo tanto, el TPI no tenía discreción de apartarse de la cuestiones ya decididas y confirmadas por este foro intermedio.

Ante ello, reseñamos que una orden de embargo es un remedio adecuado para asegurar la efectividad de la sentencia. Por tal razón, colegimos que el foro primario incidió al no expedir la orden de embargo en contra del Lcdo. González Carmona.

En fin, tras la determinación de que este segundo error fue cometido, concluimos que resulta innecesario discutir el primer señalamiento de error. Esto, debido a que, ante la expedición de la orden de embargo, se hace improcedente discutir y señalar una vista de desacato en este momento.

## IV.

Por los fundamentos antes expuestos, expedimos el recurso de *certiorari* solicitado y revocamos los dictámenes recurridos. En consecuencia, devolvemos el caso al Tribunal de Primera Instancia para que actúe conforme a lo aquí resuelto.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones